KATZER, Appellant, vs. SCHUENKE, Respondent.

*May 4—June 1, 1920.*

*Specific performance: Contracts: Expression of an intended method to secure purchase price of property: Enforceability: Certainty of contract.*

1. The expression of an intention by the purchaser of real estate and personal property to raise money to meet a future payment by executing and selling a mortgage on his homestead, is not a contract that can be specifically performed.
2. Even if such expression of intention be regarded as a contract, specific performance thereof could not be granted, neither the amount of the mortgage, its term, how payable, nor the mortgagee being shown.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action to compel specific performance of an alleged oral agreement to execute and deliver a mortgage on certain real estate to plaintiff as security for a payment of the unpaid purchase price of $875 due him from defendant on a sale of his saloon to defendant's husband, since deceased. The substance of the complaint is that Herman Schuenke, since deceased, on July 22, 1915, bought plaintiff's saloon for $900, paying $25 in cash, and together with his wife agreed to execute and deliver a mortgage on certain described property, being the homestead of the defendant, bearing legal rate of interest, to secure or pay the balance of the purchase price due August 2, 1915. It further alleges that the defendant promised for the benefit of her separate estate to join in the execution of the mortgage.

The trial judge found that the contract for sale was entirely embodied in the written agreement entered into between the parties dated July 22, 1915, as follows:

"This agreement, made this 22d day of July, 1915, by and between *Albert Katzer,* of the city and county of Milwaukee and state of Wisconsin, party of the first part, and Herman Schuenke, of the same place, party of the second part,

"Witnesseth: that the said party of the first part covenants and agrees, for the consideration hereinafter mentioned, by and with the said party of the second part, to transfer, set over, and deliver to the said party of the second part on the 23d day of July, 1915, the following described personal property now contained in the two-story brick building, occupied as saloon, pool hall, and dwelling, and situated at No. 659 Third street, in the city and county of Milwaukee and state of Wisconsin, to wit: [Here follows a description of the contents of the saloon.]

"The said party of the first part agrees to deliver the above enumerated personal property to the said party of the second part free and clear of all lien and incumbrances and to hold the said party of the second part harmless of any person or persons making claim or demand for any article above mentioned. In consideration of which the said party of the second part agrees to pay the said party of the first

part the sum of $25 at the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, and the further sum of $875 on or before the 2d day of August, 1915."

It further found that no agreement to execute a mortgage was made either by the defendant or her husband, and held that defendant, both in her personal and representative capacity, was entitled to a dismissal of the action with costs. From a judgment entered accordingly the plaintiff appealed.

For the appellant the cause was submitted on the brief of *Benjamin T. Schiek,* attorney, and *Nohl & Nohl,* of counsel, all of Milwaukee.

For the respondent there was a brief by *Houghton, Neelen & Houghton* of Milwaukee, and oral argument by *Albert B. Houghton.*

VINJE, J.   The complaint alleges that a mortgage was to be given to secure or pay for the balance of the purchase price.   The proof is undisputed that no promise to execute and deliver a mortgage to secure the balance of the purchase price was ever made.   When Herman Schuenke bought the saloon he expressed an intention to execute a mortgage upon his homestead for either $1,000 or $1,500 to raise money to pay for the saloon and to supply funds for carrying it on.   As a matter of fact he did execute a mortgage, joined in by the defendant, for $1,500, but the name of the mortgagee was left blank, and it was the intention to sell the mortgage and thus secure the money to meet the final payment on the saloon.   But the mortgage was never sold.   The plaintiff himself testifies that the talk was that the mortgage was to be sold and he was to be paid out of the proceeds.   This is the undisputed testimony of defendant, the scrivener, Grootemaat, and of his son. The evidence therefore presents a case where a purchaser expresses the intention to raise money to meet a future payment by selling a mortgage on his property.   The expres-

sion of such intention does not constitute a contract that can be specifically performed.    It is not a contract at all, but a mere statement as to how he expects to get the money to make the payment.    A default in thus securing the money cannot constitute a cause of action for specific performance. Even if regarded as a contract the court could not in this case grant specific performance, because the proof is barren as to who should be the mortgagee; for what sum the mortgage should be made; for how long it should run; and how it was to be paid, whether in one or several instalments. For these reasons the court properly dismissed the action.

*By the Court.*—Judgment affirmed.